FILED
8/31/2021 4:32 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Danitra Wilkerson DEPUTY

CAUSE NO. DC-21-12029

| | | |
|---|---|---|
| **MARIA ORTIZ, AND VICENTE ORTIZ**<br>    Plaintiffs | § § § § § § § | IN THE DISTRICT COURT |
| VS. | § § | OF DALLAS COUNTY, TEXAS |
| **ORD TRANS, INC. AND TORBIN TINSLEY SR.**<br>    Defendants | § § § § | 134th<br><br>_____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **MARIA ORTIZ AND VICENTE ORTIZ**, Plaintiffs in the above-styled cause, complaining of and against **ORD TRANS, INC. AND TORBIN TINSLEY SR.** (hereinafter sometimes referred to as "Defendants"), and would respectfully show the Court the following:

### I.
### DISCOVERY PLAN

1. Plaintiffs intend to conduct discovery in this cause under Discovery Control Plan Level Three and request a Docket Control Conference so that discovery may be tailored to the circumstances of this suit.

### II.
### JURISDICTION AND VENUE

2. The Court has long-arm jurisdiction over the Defendants pursuant to Texas Civil Practice & Remedies Codes Sections, 17.041 et seq, & 17.061 et seq., because they committed a tort in whole or in part and/or had an auto collision on a Texas roadway giving rise to this suit.

3. This court has jurisdiction over Defendants because said Defendants purposefully availed themselves of the privilege of conducting activities in the state of Texas and established minimum

contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process. Plaintiffs would show that Defendants had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendants. Plaintiffs would also show that the cause of action arose from or relates to the contacts of Defendants to the state of Texas, thereby conferring specific jurisdiction with respect to said Defendants.

4.      Venue in this cause of action is proper in Dallas County pursuant to §15.002(a)(1) and (2) and §15.005, as the collision in question took place in Dallas County, Texas.

### III.
### PARTIES AND SERVICE

5.      Plaintiff, Maria Ortiz, (hereinafter sometimes referred to as "Plaintiff(s)") is a resident citizen of Dallas, Texas.  Her SS number is XXXXXX089.

6.      Plaintiff, Vicente Ortiz, (hereinafter sometimes referred to as "Plaintiff(s)") is a resident citizen of Dallas, Texas.  His SS number is XXXXXX933.

7.      Defendant, ORD TRANS, Inc. (hereinafter sometimes referred to as "ORD TRANS") is a business organized under the laws of Illinois doing business in Texas with its principal place of business in Illinois that may be served with process by serving its registered agent Rouslan Iovtchev at 2375 Pratt Blvd. Elk Grove, Illinois 60007.

8.      Defendant, Torbin Tinsley Sr. (hereinafter sometimes referred to as "Tinsley"), is a resident of Pittsburgh, Pennsylvania who may be served at his residence at 10 Clairton Ste. 12A #145 Blvd. Pittsburgh, Pennsylvania 15236 or wherever he may be found.

### IV.
### Factual Background

9. On or about September 11, 2020, Plaintiffs were travelling westbound on 3900 Singleton Blvd. when Defendant was making a wide right turn and struck Plaintiffs' vehicle. The collision caused Plaintiffs to suffer serious and extreme personal injuries, for which they now sue to recover.

## V.
## NEGLIGENCE CLAIMS

10. The vehicle driven by Tinsley was owned by ORD TRANS. Tinsley was an employee of ORD TRANS who had permission to drive the truck involved in the collision. At the time of the collision Tinsley was acting in the course and scope of his employment or agency with ORD TRANS, within the authority delegated to him by ORD TRANS and/or with permissive use of the vehicle operated under ORD TRANS's permit. Accordingly, ORD TRANS is vicariously liable for the acts and omissions of Tinsley.

11. On occasion in question Tinsley failed to exercise ordinary care in the operation of the vehicle owned by ORD TRANS, Inc. and was negligent in one or more of the following respects:

- Driving while inattentive or distracted.
- Colliding with Plaintiffs' vehicle.
- Failure to yield right of way.
- Failure to maintain a proper lookout.
- Failure to control the speed of his vehicle.
- Failure to maintain an assured clear distance.
- Failure to make a timely application of the brakes.
- Failure to make sufficient application of the brakes.

12.   Each of the above-described acts or omissions of Tinsley constitute negligence and negligence per se and are a proximate cause of the collision and the resulting injuries and damages suffered by Plaintiffs, for which Plaintiffs now sue ORD TRANS and Tinsley.

13.   On the occasion in question ORD TRANS failed to exercise ordinary care in and was negligent in one or more of the following respects:

- Hiring Tinsley to operate a truck.
- Failing to properly train Tinsley to operate a truck.
- Failing to properly supervise Tinsley's driving.
- Failing to retain employment of Tinsley.
- Entrusting a ORD TRANS truck and trailer to Tinsley.

14.   Each of the above-described acts or omissions of ORD TRANS constitute negligence and are a proximate cause of the collision and the resulting injuries and damages suffered by Plaintiffs, for which Plaintiffs now sue ORD TRANS.

## VI.
## GROSS NEGLIGENCE CLAIMS

15.   Plaintiffs also seek exemplary damages for injuries caused by ORD TRANS's gross negligence under Tex. Civ. Prac. & Rem. Code § 41.003(a)(3), as defined by Tex. Civ. Prac. & Rem. Code § 41.001(11) and/or under any other statutes, acts, or laws providing for such exemplary damages.

## VII.
## DAMAGES TO PLAINTIFFS

16.   As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs suffered physical injuries and damages including, but not limited to, the following:

- Reasonable medical care and expenses in the past.

- Medical care and expenses, that within reasonable probability, will be incurred in the future.

- Physical pain and suffering in the past.

- Physical pain and suffering, that within reasonable probability, will be sustained in the future.

- Mental anguish in the past.

- Mental anguish that, within reasonable probability, will be sustained in the future.

- Physical impairment in the past.

- Physical impairment that, within reasonable probability, will be sustained in the future.

- Past Lost Wages.

- Future Loss of Earning Capacity.

- Disfigurement.

- Incidental Damages and Expenses.

17. Plaintiffs state that they completely and fully rely on the discretion of a jury to determine the amount to be awarded in this case. Plaintiffs believe the damages to be over $1,000,000 and seek damages more than $1,000,000. However, Plaintiffs reserve the right to increase, decrease, or otherwise amend this amount prior to or during trial dependent on the evidence presented.

## VIII.
## INTEREST

18. Plaintiffs are entitled to recover all pre-judgment and post-judgment interest as allowed by law and here seeks such pre-judgment and post-judgment interest.

## IX.
## DEMAND FOR JURY TRIAL

19.     Plaintiffs request a jury trial and have paid the applicable jury fee with the filing of this Petition.

## X.
## USE OF DOCUMENTS PRODUCED IN DISCOVERY

20.     Plaintiffs hereby give notice of intention to use items produced by all parties in discovery at any pretrial proceeding or at trial of this matter and the authenticity of such items is self-proven pursuant to Rule 193.7 of The Texas Rules of Civil Procedure.

## XI.
## PRESERVATION OF EVIDENCE

21.     Defendants are hereby given notice that any document or other material, including electronically stored information, that may be evidence or relevant to any issue, claim or defense in this case is to be preserved in its present form until this litigation is concluded. Failure to maintain such items will constitute "spoliation" of evidence, for which Plaintiff will seek appropriate sanctions and remedies.

## XII.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that Defendants be cited to appear and answer and that on final trial Plaintiff have:

   a.   Judgment against the Defendants, jointly and severally, for past and future damages permitted under Texas law and for a sum in excess of the minimum jurisdictional limits of the Court, with interest at the maximum legal rate until judgment;

   b.   Interest after judgment at the maximum legal rate until paid;

   c.   Costs of suit; and

   d.   Such other and further relief to which the Plaintiffs may be justly entitled.

Respectfully submitted,

**CESAR ORNELAS LAW, PLLC**

By: *Angela Tabares*
Angela Tabares
SBN: 24096177
Cesar Ornelas
SBN: 24096139
6243 IH-10 West, Suite 808
San Antonio, Texas 78201
Phone: (210) 957- 2103
Fax: (888) 342-8033
Email: atabares@oinjurylaw.com
Email: cesar@oinjurylaw.com

**ATTORNEYS FOR PLAINTIFF**